# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DOUGLAS RAY LOLLIS, JR.,<br><br>    Defendant. | Case No. CR-24-092-RAW |

### ORDER

The Defendant is charged in a two-count indictment with Felon in Possession of Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) and False Statement During the Acquisition of a Firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). The Defendant was arraigned on August 7, 2024. Now before the court are the Defendant's opposed motions to dismiss Count One [Docket No. 39], to dismiss Count Two [Docket No. 40], and for a bill of particulars [Docket No. 41], as well as the Government's responses thereto [Docket Nos. 43, 44, and 45].

The motion for a bill of particulars is untimely under Fed. R. Crim. P. 7(f). Moreover, the Government has disclosed that: (1) the prior felony conviction referenced in Counts One and Two was for Possession of Controlled Dangerous Substance & Unlawful Possession of Controlled Dangerous Substance with Intent to Distribute in Muskogee County, Case No. CF-2016-103 on November 2, 2016; and (2) the prior misdemeanor conviction referenced in Count Two was for Domestic Abuse – Assault and Battery in McIntosh County, Case No. CM-2018-302 on September 28, 2018. The motion for a bill of particulars [Docket No. 41] is DENIED as MOOT.

The Defendant asserts both facial and as-applied challenges to the charge in Count One for Felon in Possession of Firearm and the charge in Count Two for False Statement During the Acquisition of a Firearm. A law is facially unconstitutional only when "no set of circumstances exist under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). An as-applied challenge tests whether the contested "law is unconstitutional as enforced against the [party] before the court" based on the discrete facts in the case. *Speet v. Schuette*, 726 F.3d 867, 872 (6th Cir. 2013).

In his motion to dismiss Count One, the Defendant first argues that § 922(g)(1) is facially unconstitutional, as it violates the Second Amendment to the United States Constitution under the framework outlined in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).[1] The Defendant's argument has been rejected by the United States Court of Appeals for the Tenth Circuit in *Vincent v. Garland*, 80 F.4th 1197 (10th Cir. 2023). In *Vincent*, the Tenth Circuit found that "*Bruen* did not indisputably and pellucidly abrogate our precedential opinion in *McCane*." *Id*. at 1202 (citing *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009)). "*McCane* squarely upheld the constitutionality of the ban on felons' possession of firearms." *Id*.

---

[1] In *Bruen*, the Supreme Court held that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Bruen*, 142 S. Ct. at 2122. *Bruen* struck down New York's proper-cause cause requirement for obtaining a firearm because "it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Id*. at 2156. In reaching this conclusion, the Supreme Court directed that:

> the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.

*Id*. at 2129-30.

(citations omitted). Moreover, "[under] *McCane*, we have no basis to draw constitutional distinctions based on the type of felony involved." *Id*. (citations omitted).

On appeal, the Supreme Court vacated and remanded *Vincent* for reconsideration in light of *United States v. Rahimi*, 602 U.S. 680 (2024). Recently, on February 11, 2025, the Tenth Circuit issued its opinion finding that *Rahimi* does not undermine the panel's earlier results or reasoning and readopting its prior opinion. *Vincent v. Bondi*, No. 21-4121, 2025 WL 453999 (10th Cir. Feb. 11, 2025). The Tenth Circuit concluded that *McCane* remains binding after *Rahimi* and that under *McCane*, the Second Amendment does not prevent the application of § 922(g)(1) to nonviolent offenders. *Id*. at *2. The Defendant's facial challenge fails.

The Defendant's as-applied challenge also fails, as he has not shown that § 922(g)(1) is unconstitutional as enforced against him based on the discrete facts in this case. The Defendant argues that the Government has not specifically alleged the particular felony believed to justify a lifetime firearm prohibition. The Government has informed the court and the defense of the particular felony upon which it relies. The Defendant further argues that it is the Government's duty to demonstrate that his predicate offense serves as an adequate proxy for dangerousness or identify any other distinctly similar historical analogue to justify permanent disarmament. As demonstrated by the Government, sufficient historical analogues exist such that imposition of § 922(g)(1) on the Defendant in this case passes constitutional muster. The motion to dismiss Count One is DENIED.

In Count Two, the Defendant is charged with knowingly making "a false and fictitious written statement . . . which statement was intended and likely to deceive . . . as to a fact *material* to the lawfulness of such sale of said firearm . . . ." Specifically, the Defendant stated that "he

3

had not been convicted in any court of a felony . . . and that he had not been convicted in any court of a misdemeanor crime of domestic violence . . . ."[2]

The Defendant now moves for dismissal of Count Two, arguing that his false statements were not *material* because the underlying prohibitions against his possession of a firearm are unconstitutional. As stated above, the court rejects the Defendant's argument that § 922(g)(1) is facially unconstitutional or unconstitutional as applied to him. For the same reasons, including *inter alia* that sufficient historical analogues exist such that imposition of § 922(g)(9) on the Defendant in this case passes constitutional muster, the court rejects his argument that § 922(g)(9) is facially unconstitutional or unconstitutional as applied to him. The motion is DENIED.

As stated above, the Defendant's motions to dismiss Counts One and Two [Docket Nos. 39 and 40] are hereby DENIED. The motion for a bill of particulars [Docket No. 41] is DENIED as MOOT.

**IT IS SO ORDERED** this 14th day of February, 2025.

*Ronald A. White*
_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**

---

[2] Section 922(g)(9) makes it unlawful for any person who has been convicted in any court of a misdemeanor crime of domestic violence to possess in or affecting commerce any firearm or to receive any firearm which has been shipped or transported in interstate or foreign commerce.