# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DOUGLAS RAY LOLLIS, JR.,<br><br>    Defendant. | Case No. CR-24-092-RAW |

## ORDER

The Defendant was charged in this case with two counts – Count One: felon in possession of firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); and Count Two: false statement during the acquisition of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). On March 4, 2025, a jury found the Defendant guilty of the charge in Count One, and not guilty of the charge in Count Two.

Now before the court is the Defendant's opposed motion for new trial pursuant to Federal Rule of Criminal Procedure 33 [Docket No. 75] and the Government's response thereto [Docket 76]. Rule 33 provides that the court may vacate a guilty verdict and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The motion must be filed within 14 days of the guilty verdict unless it is grounded on newly discovered evidence. Fed. R. Crim. P. 33(b)(2). The motion was filed on March 17, 2025, and is thus timely.

The court has discretion in ruling on the motion and may weigh the evidence and assess witness credibility. *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999).

Nevertheless, "[a] motion for a new trial is not regarded with favor and is only issued with great caution." *United States. v. Herrera,* 481 F.3d 1266, 1269-70 (10th Cir. 2007).

The Defendant argues that he is entitled to a new trial because the court did not answer "no" in response to the following jury note: "Are we permitted to assume 'possession' of the firearm based on the defendant living in the same household as a person that purchased the firearm." The Defendant further argues that the court's response – that the Government must prove its case on Count One beyond a reasonable doubt – failed to adequately describe the limitations of constructive possession pursuant to Tenth Circuit Pattern Instruction 1.31.

The Defendant notes that the jury was not instructed on actual or constructive possession. Neither party requested the instruction in their proposed jury instructions or anytime thereafter. The Defendant states that this is because the Government relied solely on a theory of actual possession. The Defendant argues, however, that the jury's note makes clear it was considering a theory of constructive possession and that it is impossible to know on which theory they relied in finding him guilty of Count One – actual or constructive possession.

In response, the Government argues that the court correctly instructed the jury and answered their questions. The Government points out that it only presented evidence of actual possession of the firearm and that there was no evidence related to constructive possession. The Government argues that it presented overwhelming evidence of the Defendant's actual possession of the firearm at the pawn shop.

Moreover, the Government argues that the cases cited by the Defendant involved strict questions of law and not fact. The question the jury asked in his case was a combined question of law and fact. The Government is correct. The question assumed that the Defendant was living with the purchaser of the firearm. No such evidence was introduced. As the Government

argues, answering the question with the the embedded assumption of fact in the affirmative or negative would have invaded the jury's role as factfinder.

In this Circuit, courts must "review the record as a whole to determine whether instructions 'state the law which governs and provides the jury with an ample understanding of the issues and standards applicable.'" *United States v. Zimmerman*, 943 F.2d 1204, 1213 (10th Cir. 1991) (citations omitted). As noted, there was no evidence in this case of constructive possession. The court instructed the jury that the Government must prove Count One beyond a reasonable doubt. The Government is correct that it presented overwhelming evidence of actual possession of the firearm by the Defendant, including that he removed the firearm from his waistband before handing it to the pawn store personnel to complete the required paperwork to secure a loan. The Government proved Count One beyond a reasonable doubt.

Accordingly, the Defendant's motion for new trial [Docket No. 75] is denied.

**IT IS SO ORDERED** this 18th day of June, 2025.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**