# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>DOUGLAS RAY LOLLIS, JR.,<br><br>  Defendant. | Case No. CR-24-092-RAW |

## **ORDER**

The Defendant was charged in this case with two counts – Count One: felon in possession of firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); and Count Two: false statement during the acquisition of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). On March 4, 2025, a jury found the Defendant guilty of the charge in Count One, and not guilty of the charge in Count Two.

Now before the court is the Defendant's opposed motion for bail pending appeal [Docket No. 92] and the Government's response thereto [Docket No. 93]. The instant motion is governed by 18 U.S.C. § 3143(b). To qualify for bail pending appeal, the Defendant must prove:

  (A) by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
  (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
  (i) reversal,
  (ii) an order for a new trial,
  (iii) a sentence that does not include a term of imprisonment, or
  (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

A "substantial question" under § 3143(b) is "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (citation omitted).

The Defendant argues that he is not likely to flee or pose a danger to the safety of any other person or the community if released, that his appeal is not for purposes of delay, and that he raises a substantial question of law likely to result in an order for a new trial. As he argued in his motion for new trial, the Defendant argues that the court erred in its response to a jury note. The jury asked: "Are we permitted to assume 'possession' of the firearm based on the defendant living in the same household as a person that purchased the firearm." The court answered that the Government must prove its case on Count One beyond a reasonable doubt. The defense argues that the court should have answered in the negative. While acknowledging that neither party so requested, the defense further argues that the court erred in failing to instruct the jury on constructive possession.

The Government points out that the Defendant has not offered any evidence that demonstrates by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or to the community if released. The Government also argues that the Defendant has not raised a substantial question of law or fact. The court agrees.

As the Defendant acknowledges, there was no direct evidence in this case of constructive possession. The jury question assumed that the Defendant was living with the purchaser of the firearm. No such evidence was introduced. As the Government previously argued, answering the jury question with the embedded assumption of fact in the affirmative or negative would have invaded the jury's role as factfinder. Moreover, the Government relied solely on a theory of actual possession and only presented evidence of the Defendant' actual possession of a

firearm – at the pawn shop. The parties did not request a jury instruction on constructive possession and the court did not so instruct because constructive possession was not an issue in this case. The Defendant has not raised a "close" question. He has not raised a substantial question of law or fact.

Accordingly, the Defendant's motion for bail pending appeal [Docket No. 92] is denied.

**IT IS SO ORDERED** this 24th day of July, 2025.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**